## Case No. 2,095.

### In re BUCKLEY et al. v. The WILLIAM M. JONES.[1]

### District Court, S. D. Florida.[2]

#### SALVAGE—COMPENSATION.

[After unsuccessful attempts to float a stranded vessel, which failed, because of the state of weather and sea, the salvors took out the cargo, consisting of syrup, sugar, and rice in barrels and hogsheads; that in the lower hold was recovered by diving, and the service generally was difficult and dangerous to the persons and property of the salvors. *Held*, that the salvors were entitled to 28 per cent. of 450 barrels of syrup and of the sugar and rice saved from between decks, and in a condition to be forwarded; 40 per cent. of the net value of 200 barrels of syrup under water in the lower hold, saved without diving; 45 per cent. of the proceeds of the damaged sugar and other materials; 50 per cent. of 503 barrels of syrup saved from the lower hold by diving; and 50 per cent. of the proceeds of the damaged rice.]

[In admiralty. Libel for salvage services by John Buckley and others against the

---

[1] [Published, by permission, from the MSS. of Hon. James W. Locke, District Judge.]

[2] [No date given.]

cargo and materials of the schooner William M. Jones. Decree for libellants.]

LOCKE, District Judge. The facts in this case are very fairly set forth in the pleadings. The vessel, laden with molasses, sugar, and rice, bound from New Orleans to New York, went ashore on the 24th of January, on Pulaski shoals, one of the Tortugas group. The libellants, with eleven vessels, carrying sixty-nine men, found her lying in from eight to ten feet of water; drawing before she went ashore some twelve feet. They boarded her, and attempted to carry out an anchor; but in this they failed. I am satisfied that this failure was not on account of any lack of energy or skill, but that the state of the weather and sea was such that, although they used all means within their power, they were unable to effect their object. The salvors are not expected to accomplish impossibilities, although the court will, at all times, scrutinize their conduct, and view with a jealous eye any failure to relieve a vessel in distress. After the failure to carry out the anchor (the vessel at the time leaking badly), they next worked at the pumps, and continued pumping until next morning, the weather in the meantime continuing so that it was impossible to carry out an anchor, when all parties were satisfied that the vessel had so bilged that it was useless to attempt to float her; and so they proceeded to saving of cargo. At the time they commenced the work of saving cargo, the lower hold, and much of the between decks, were under water; the vessel being careened at an angle of from 25 to 30, the water at high tide reaching the combings of the hatch of the lower deck on the weather side. It is stated by the master that 450 barrels of syrup, 30 or 40 hogsheads of sugar, and 50 or 60 barrels of rice were stowed between decks. The rest of the cargo was in the lower hold. A certain portion of that in the lower hold was saved without diving. This proportion I shall assume to be 200 barrels. All of the rest was saved by diving in water about nine feet in depth. The property was in an exposed condition, and could have been saved only by the salvors or persons with like appliances, and the master was helpless. Both the property and persons of the salvors were exposed to a certain degree of danger, and much of the labor performed, being by diving, was arduous in the extreme. The service was promptly and energetically rendered, and the property brought to this port in as good condition as the circumstances would permit. In The Telamon [Case No. 13,820] and The Mulhouse [Id. 9,910] from 25 to 50 per cent. was given for saving cargo. In The Aquila [Case No. 500], having a cargo of a similar character, 27 per cent. was given for sugar saved dry; 42 for that went and damaged; and 50 per cent. on the materials. In the case of The Joseph A.

Davis [Case No. 7,534], $5,200 was given for saving property of the valuation of $17,800; although in that case it appears that little, if any of it, was saved from below the water. In view of all these several cases, and in consideration of the circumstances, I consider that 28 per cent. of the 450 barrels of syrup, and of the sugar and rice saved from between decks in a condition to be forwarded; 40 per cent. of the net value of 200 barrels of syrup from the lower hold, assumed to have been saved without diving, but from under water; 45 per cent. of the proceeds of the damaged sugar and of the materials; 50 per cent. of 503 barrels of syrup saved from the lower hold by diving; and 50 per cent. of the proceeds of the damaged rice,— will be a just and fair salvage, and the decree will follow accordingly. This will cover the cases of the libellants and petitioners, and is referred to John T. Barker, Esq., as commissioner.